Affirmed and Memorandum Opinion filed October 16, 2007








 

Affirmed and Memorandum Opinion filed October 16, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01048-CV

____________

 

ROBERT HARDEE, Appellant

 

V.

 

KELLOGG BROWN & ROOT, INC., Appellee

 



 

On Appeal from the 280th
District Court

Harris County, Texas

Trial Court Cause No. 2003-49486

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from the order granting summary judgment
in favor of appellee, Kellogg Brown & Root, Inc., the defendant in a
negligence action.  Finding no error, we affirm.

Factual and Procedural Background








Appellant, Robert Hardee, applied for a job as a pipefitter
with appellee.  As part of the application process, appellant was required to
take a pre-employment Physical Agility Test.  Prior to the test, appellant
executed a one-page document entitled: ABrown & Root
Companies Physical Agility Test Record and Release@ (the ARelease@).[1] 
While appellant was performing the test, he injured his back which ultimately
required surgery.  Appellant  filed suit against appellee asserting that
appellee was negligent in the administration of the pre-employment physical
agility test.[2] 
Appellee filed a summary judgment contending appellant had executed a valid
pre-injury release which barred appellant=s claims.  The
trial court granted appellee=s motion for summary judgment and this
appeal followed.

 








Discussion

In a single issue, appellant contends the trial
court erred when it granted appellee=s motion for
summary judgment as the Release did not meet the fair notice requirements
because the release language (1) does not comply with the Express Negligence
Doctrine; and (2) is not conspicuous.

A.      Standard
of Review

The summary judgment movant has the burden to show there is
no genuine issue of material fact and it is entitled to judgment as a matter of
law.  Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  If
a defendant is the summary judgment movant, and he  negates at least one
essential element of a plaintiff=s cause of action,
then he is entitled to summary judgment on that claim.  Sydlik v. REEIII,
Inc., d/b/a Curves for Women, 195 S.W.3d 329, 332 (Tex. App.CHouston [14th
Dist.] 2006, no pet.).  We review a trial court=s summary judgment
de novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex.
2005).

B.      The
Release Meets the Fair Notice Requirements








In Sydlik, this court recently addressed a
pre-injury release with remarkably similar language to the one at issue here.[3] 
Sydlik, 195 S.W.3d at 331.  In Sydlik, the plaintiff filed suit
against multiple defendants alleging she was injured while using one of the
defendant=s exercise machines.  Id.  The defendants moved
for summary judgment contending the plaintiff had executed a valid pre-injury
release, which the trial court granted.  Id.  The plaintiff appealed
arguing the trial court erred because the release language was not conspicuous
and did not meet the requirements of the Express Negligence Doctrine.  Id. 
Finding that the release language at issue in Sydlik was both
conspicuous and met the requirements of the Express Negligence Doctrine, we
affirmed the trial court=s summary judgments as to the two Curves
defendants.[4] 
Id. at 332B33.

Because Sydlik is binding precedent, and as there is
no significant legal difference between the release language at issue in this
case and that found in Sydlik, we find the trial court did not err when
it granted appellee=s motion for summary judgment based on
appellant=s execution of the pre-injury release.  Accordingly,
we overrule appellant=s single issue on appeal.

Conclusion

Having overruled appellant=s single issue on
appeal, we affirm the trial court=s granting of
appellee=s motion for
summary judgment.

 

 

 

 

/s/      John S. Anderson

Justice

 

Judgment rendered
and Memorandum Opinion filed October 16, 2007.

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.  (Seymore, J. dissents
without an opinion.)









[1]  The one-page Release provides:

 

This agreement is entered into by and between
Employer, hereinafter referred to a ABrown
& Root@ (including any and all subsidiaries of Brown &
Root, affiliates, and their employees and agents), and the undersigned, for and
in consideration of the mutual promises contained herein:

 

1.         Brown & Root, in considering the
undersigned for employment, agrees to administer a Physical Agility Test to the
undersigned in order to assess his/her physical agility to perform the
reasonable and necessary duties required of a ___P/F___

 

2.         The undersigned understands that he/she
will be required to exert significant physical effort on his/her part during
the physical agility test administered by Brown & Root, its employees,
contractors, or assigns.  This test will place significant stress on your back,
joints and muscle.  If you have a history of injuries or weaknesses in any of
those areas and/or feel that you can not safely complete the test, you should
not take it.

 

3.         The undersigned releases and agrees to hold
Brown & Root, Inc. harmless from any claim by or liability to me based upon
the foregoing testing or results thereof, including any claim or liability
which for any reason Brown & Root is alleged to be legally liable,
including liability based on Brown & Root negligence.

 

4.         The physical agility test must be successfully completed
without actual or alleged injury.





[2]  Appellant also filed suit against Lafayette
Instrument Co., Inc., (ALafayette@)
the manufacturer of the machine used in the Physical Agility Test.  Appellant
settled with Lafayette and a take nothing judgment was entered by the trial
court.  Lafayette is not a party to this appeal.





[3]  In Sydlik, the plaintiff executed a one-page
pre-injury release containing the following relevant provision:

 

In consideration of being allowed to participate in
the activities and programs of Curves for Women7 and to use its facilities, equipment and machinery in addition to the
payment of any fee or charge, I do hereby waive, release and forever discharge
Curves International Inc., Curves for Women7,
and their officers, agents, employees, representatives, executors, and all
others (Curves7 representatives) from any and all responsibilities,
or liabilities, from injuries or damages arriving [sic] out of or connected
with my attendance at Curves for Women7,
my participation in all activities, my use of equipment or machinery, or any
act or omission, including negligence by Curves7 representatives.

Sydlik v. REEEIII, Inc. d/b/a Curves for Women, 195 S.W.3d 329, 331B32 (Tex. App.CHouston [14th Dist.] 2006, no pet.).





[4]  We reversed the summary judgment as to the one
non-Curves defendant, the manufacturer of the machine at issue, as that
defendant was not named in the release.  Id. at 335.